# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS TAYLOR and <br> TONYA TAYLOR, <br><br> Plaintiffs, <br><br> vs. <br><br> STRONG BUILT, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 09-0806-KD-C <br> ) <br> ) <br> ) <br> ) |

## ORDER

This action is before the Court on the report and recommendation and supplemental report and recommendation issued by United States Bankruptcy Judge Henley A. Hunter in In re: Strongbuilt, Inc, Case No. 03-31317, In re: Strongbuilt International, Inc. Case No. 09-30633, and Adversary No. 09-3006 (SBI) (docs. 4, 6).[1] Upon consideration, the report and recommendation and supplemental report and recommendation are **ADOPTED** as the opinion of this Court, and for the reasons set forth, defendant Strongbuilt, Inc.'s motion for summary judgment is **DENIED** (doc. 2-1, p. 19-20).

Previously, Strongbuilt moved this Court to enter summary judgment in its favor on basis that the Taylors' claims were discharged in Strongbuilt's Chapter 11 bankruptcy and that due process concerns were met by publication of notice of the bankruptcy. The Taylors' argued that their claims were not barred by the discharge, that their due process rights would be violated should they not be allowed to proceed, that they can maintain this action against Strongbuilt's successor in bankruptcy, and that insurance coverage is available such that the debtor's fresh start is not affected.

---

[1] This action was transferred from the Western District of Louisiana by order of Chief District Judge Robert G. James (doc. 9).

This Court entered an order transferring Civil Action 08-188-KD-C, to the United States Bankruptcy Court for the Western District of Louisiana for a determination of whether the Taylors' products liability claims against Strongbuilt, Inc. had been discharged and whether liability for their claims was assumed by SBI as the purchaser of the reorganized debtor (doc. 3, p. 24-25). In the report and recommendation and supplement, Judge Hunter determined that the Taylors' products liability claims were not discharged, that the Taylors' cause of action against SBI, as successor to Strongbuilt, Inc., is not barred, and that products liability insurance coverage may be available[2] (doc. 4, 6). The issues raised in Strongbuilt's motion for summary judgment have been determined by Judge Hunter and his opinion has been adopted as the opinion of this Court. Therefore, Strongbuilt's motion for summary judgment is denied.

Judge Hunter also raised *sua sponte* the issue of the effect of the automatic stay. Judge Hunter has now entered a consent order wherein he modified the automatic stay provisions of 11 U.S.C. § 362 to allow the Taylors' products liability claims to proceed in this Court with the instruction that "any judgment which might be obtained shall not be executed against any property of the debtor's estate, except for the filing of a proof of claim in the instant Chapter 11 proceeding" (doc. 104, In re: Strongbuilt International, Inc. Case No. 09-30633). Accordingly, the automatic stay having been lifted, the Taylors' shall file any motion to amend their complaint to add Strongbuilt International, Inc. as a defendant on or before **February 24, 2010.**

The Clerk is directed to enter a Preliminary Scheduling Order.

**DONE** and **ORDERED** this 10th day of February, 2010.

                                       s / Kristi K DuBose
                                       **KRISTI K. DuBOSE**
                                       **UNITED STATES DISTRICT JUDGE**

---

[2] Judge Hunter stated that SBI had amended its plan to show the names of insurance companies and the dates of coverage. (doc. 6, p. 3-4).