IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS TAYLOR and TONYA TAYLOR, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 09-0806-KD-C ) |
| STRONGBUILT, INC., *et al,* | ) ) ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the plaintiffs Douglas and Tonya Taylor's motion to show cause (doc. 33). Previously, plaintiffs were ordered to file either an application pursuant to Rule 55(a)[1] of the Federal Rules of Civil Procedure for the Clerk to enter default as to defendant Strongbuilt International, LLC, (SBI), or show cause why an application for entry of default had not been filed (doc. 34). Plaintiffs now respond that they "are still in the process of ascertaining whether there is insurance coverage relative to" SBI "with regard to the incident in question." Plaintiffs request an additional forty-five (45) days to further investigate before filing an application for entry of default. Upon consideration, the motion is **GRANTED**. Plaintiffs shall file an application for entry of default on or before **May 13, 2011**.

**Plaintiffs are warned** that failure to file an application for entry of default may result in dismissal without prejudice of this action against SBI for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this

---

[1] Plaintiffs are reminded that obtaining a default judgment requires that the Clerk of the Court first enter default on the record, *see* Fed. R. Civ. P 55(a), after which plaintiffs may move for a default judgment. *See* Fed. R. Civ. P. 55(b).

subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. Rule 41(b).

Although Rule 41(b) speaks to a motion to dismiss filed by the defendant, the Court has the inherent power to dismiss an action *sua sponte* for failure to prosecute. *See, e.g.*, *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-1457 (11th Cir. 1995). One of the purposes behind a *sua sponte* dismissal is "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

However, before the Court may do so, it must first provide notice to plaintiffs that it is considering dismissal of their action. In *Tazoe v. Airbus S.A.S.* 631 F.3d 1321, 1336 (11th Cir. 2011), the Court of Appeals explained that a "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe*, at 1336 (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006) (internal quotations omitted). "To employ fair procedure, a district court must generally 'provide the plaintiff with notice of its intent to dismiss or an opportunity to respond.'" *Tazoe*, at 1336 (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007).

**DONE** and **ORDERED** this 25th day of April, 2011.

                                             **/s/ Kristi K. DuBose**
                                             **KRISTI K. DuBOSE**
                                             **UNITED STATES DISTRICT JUDGE**